**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 10, 2023

Ms. Tiffany Bates
Consovoy McCarthy
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209

Ms. Heather Lynn Becker
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. David Bethea
Akin Gump
2001 K Street, N.W.
Washington, DC 20006

Mr. Joshua A. Block
American Civil Liberties Union
Reproductive Freedom Unit
125 Broad Street
18th Floor
New York, NY 10004

Ms. Tara L. Borelli
Lambda Legal
1 W. Court Square
Suite 105
Decatur, GA 30030

Mr. Alexander Barrett Bowdre
Office of the Attorney General
of Alabama
P.O. Box 300152
Montgomery, AL 36130

Mr. Lucas Cameron-Vaughn
ACLU of Tennessee
P.O. Box 120160
Nashville, TN 37212

Ms. Tamica Daniel
U.S. Department of Justice
ELS/Civil Rights Division
150 M Street, N.E.
Room 9
Washington, DC 20002

Mr. Rascoe S. Dean
Office of the U.S. Attorney
719 Church Street
Suite 3300
Nashville, TN 37203

Ms. Amanda J. Ford
Morgan, Lewis & Bockius
One Federal Street
Boston, MA 02110

Ms. Heather Lynn Gatnarek
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

Mr. Christopher J. Gessner
Akin, Gump, Strauss, Hauer & Feld
One Bryant Park
44th Floor
New York, NY 10036

Mr. Steven James Griffin
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Clark Lassiter Hildabrand
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Ms. Brooke Ashley Huppenthal
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Matthew Franklin Kuhn
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. Edmund Gerard LaCour Jr.
Office of the Attorney General
of Alabama
P.O. Box 300152
Montgomery, AL 36130-0152

Ms. Alyssa Lareau
United States Department of Justice
1425 New York Ave, N.W.
Suite 4070
Washington, DC 20005

Mr. Victor B. Maddox
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. Alexander Y. Magera
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. Jonathan F. Mitchell
Mitchell Law
111 Congress Avenue
Suite 400
Austin, TX 78701

Mr. Adam K. Mortara

Lawfair
40 Burton Hills Boulevard
Suite 200
Nashville, TN 37215

Mr. Cameron Thomas Norris
Consovoy McCarthy
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209

Mr. Jeff L. Preptit
ACLU of Tennessee
P.O. Box 120160
Nashville, TN 37212

Ms. Bonnie I. Robin-Vergeer
U.S. Department of Justice
Civil Rights Division, Appellate Section
P.O. Box 14403
Washington, DC 20044-4403

Ms. Stephanie Schuster
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Ms. Barbara Schwabauer
U.S. Department of Justice
Civil Rights Division, Appellate Section
P.O. Box 14403
Washington, DC 20044-4403

Ms. Elizabeth D. Scott
Akin, Gump, Strauss, Hauer & Feld
2300 N. Field Street
Suite 1800
Dallas, TX 75201

Mr. Corey M. Shapiro
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

Mr. Chase Strangio
American Civil Liberties Union

Reproductive Freedom Unit
125 Broad Street
18th Floor
New York, NY 10004

Ms. Sruti J. Swaminathan
Lambda Legal
120 Wall Street
19th Floor
New York, NY 10005

Mr. Jeremy Joseph Sylvester
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Ms. Amy E Whelan
National Center for Lesbian Rights
870 Market Street
Suite 370
San Francisco, CA 94102

Ms. Stella Marie Yarbrough
ACLU of Tennessee
P.O. Box 120160
Nashville, TN 37212

Re: Case No. 23-5600/23-5609, *L. W., et al v. Jonathan Skrmetti, et al*
Originating Case No. : 3:23-cv-00376

Dear Counsel,

The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3. Consult 6 Cir. R. 28(a)(1).

| Appellant's Principal Brief **and amici briefs supporting** | Filed electronically by **July 24, 2023** |

| | |
|---|---|
| **appellants**<br>Appendix (if required by 6th Cir. R. 30(a) and (c)) | |
| Appellee's Principal Brief **and amici briefs supporting appellees**<br>Appendix (if required by 6th Cir. R. 30(a) and (c)) | Filed electronically by **August 10, 2023** |
| Appellants' Reply Briefs (Optional Brief) | Filed electronically by **August 17, 2023** |

   **Note to appellants: when filing your briefs, un-check the case number(s) that is/are not your case.**  Your brief should appear only on the docket of your specific appeal.  If you have any questions, contact your case manager before you file your brief.

   For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

   A party desiring oral argument must include a statement in the brief setting forth the reason(s) why oral argument should be heard.  See 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

   In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

                                        Sincerely yours,

                                        s/C. Anthony Milton
                                        Case Manager
                                        Direct Dial No. 513-564-7026

Enclosure

## CHECKLIST FOR BRIEFS

- Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website. File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case. *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers. In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

- Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs. See FRAP 3(b)(1). Appellants file one reply brief regardless of the number of appellee briefs.

- Redact personal information. FRAP 25(a)(5) and rules cited therein provide guidance.

- File briefs in PDF, preferably searchable native PDF. 6 Cir. R. 25(a)(2); PACER website.

## BRIEF COMPONENTS

- Brief components must appear in the brief in the order indicated below. FRAP 28(a).

- I. COVER. Colored covers are not required for electronically filed briefs. Do include:

    - Sixth Circuit Case Number(s).
    - Name of the Court: "United States Court of Appeals for the Sixth Circuit."
    - Title of the Case: *Smith v. Jones*.
    - Nature of proceeding and court or agency below.
    - Title identifying the party: e.g., "Brief of Appellee Lawrence Litigant"
    - Name, address, and telephone number of counsel. FRAP 32(a)(2)

- II. CORPORATE DISCLOSURE. Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

- III. TABLE OF CONTENTS. Page references are required. FRAP 28(a)(2) and (b).

- IV. TABLE OF AUTHORITIES. FRAP 28(a)(3) and (b).

    - Alphabetize case citations; include statutes and other authorities.
    - Include references to the page in the brief where specific authority is cited.

- V. STATEMENT IN SUPPORT OF ORAL ARGUMENT.  FRAP 34; 6 Cir. R. 34.

    - A party desiring oral argument must include a statement explaining why the court should hear argument.  6 Cir. R. 34(a).  **CAUTION**:  When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument.  If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument.  Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts.  FRAP 32(f).*

- VI. STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed.  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- VII. STATEMENT OF ISSUES - *See* FRAP 28(a)(5).  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- VIII. STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

    - Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record.  A separate statement of facts is not required.  FRAP 28(a)(6).
    - Appellee need not include this statement *if in agreement with appellant*.

- IX. SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings.  FRAP 28(a)(7).

- X. ARGUMENT

    - Include the "contentions and reasons for them."  FRAP 28(a)(8)(A).
    - Citations to the relevant authorities and record parts.  FRAP 28(a)(8)(A).
    - **Include the standard of review for each issue**.  FRAP 28(a)(8)(B); (b).  Appellee need not include this statement *if in agreement with appellant*.

- XI. CONCLUSION

    - State the precise relief sought.  FRAP 28(a)(9).
    - Filing attorney(s) signature(s) required:  s/(Attorney's Name).  6 Cir. R. 25(d)(1).

---

- XII. CERTIFICATE OF COMPLIANCE: As required under FRAP 32(g) (effective December 1, 2016).

- XIII. CERTIFICATE OF SERVICE: Include date served; parties served; manner of service (mail or CM/ECF); and attorney signature. *See* FRAP 25(d).

- XIV. ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable. 6 Cir. R. 28(b)(1)(A)(i).  (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database." FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts. 6 Cir. R. 28(a)(1). Each citation must include:

  - Short description of record item: Motion for Summary Judgment; Order; Transcript.
  - Docket entry number: RE 25, R. 13. *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document: Page ID # 220-227. The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket. When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number. E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

- Motion for Summary Judgment, RE 23, Page ID # 120-145
- Transcript, R. 52, Page ID ## 675-682
- Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals. 6 Cir. R. 28(a)(2). In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix. Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

### BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces: *see* FRAP 32(a)(4), (5), and (6). Briefs must be double-spaced.

    - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
    - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
    - The court asks footnotes be in the same font size as text.

- Length of briefs: *see* FRAP 32(a)(7).

    - Principal: 30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
    - Reply: 15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
    - Include a certificate of compliance if over 30 pages. FRAP 32(g).
    - Headings, footnotes, quotations count in word and line limitations. *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals: *see* FRAP 28.1; Amicus briefs: *see* FRAP 29, 32.