

Via CM/ECF

Ms. Deborah S. Hunt
Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

**Re: No. 23-5600,** *L.W., et al. v. Skrmetti, et al.*

Dear Ms. Hunt:

Just one day before the Eleventh Circuit issued its decision in *Eknes-Tucker v. Marshall*, 2023 WL 5344981, on August 20, 2023, the Northern District of Georgia in *Koe v. Noggle*, 1:23-CV-2904-SEG, preliminarily enjoined a law substantially similar to the Tennessee law at issue in the above-referenced matter. While the Eleventh Circuit's opinion in *Eknes-Tucker* trumps *Koe* as a matter of circuit precedent, the decision persuasively explains the flaws in the analysis employed by the stay panel and—by extension—the panel in *Eknes-Tucker*.

Attached is the order issued in *Koe*. The court held that the plaintiffs had standing because enjoining enforcement of the act "'would amount to a significant increase in the likelihood that the plaintiff[s] would obtain relief that directly redresses the injury suffered.'" *Id.* at 29 (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)). The *Koe* court also held that the plaintiffs were likely to succeed on the merits of their equal protection claim, applying heightened scrutiny because the Georgia law classified based on sex, distinguishing the stay panel's decision. *Id.* at 36-47. After an evidentiary hearing, the court concluded that Georgia's proffered reasons for enacting the law were not substantially related to an important government interest, *id.* at 47-67, and determined that Georgia's experts—three of the experts that Tennessee retained—were "unreliable," *see id.* at 53 n.26, 57 n.28, 61 n.34. The court concluded that a statewide injunction was necessary to afford the plaintiffs complete relief. *Id.* at 72-82.



Sincerely,

/s/ *Joshua A. Block*
Joshua A. Block

*Counsel for Plaintiffs-Appellees*



## CERTIFICATE OF SERVICE

I, Joshua A. Block, counsel for Plaintiffs-Appellees, certify that on August 22, 2023, a copy of the foregoing Rule 28(j) letter was filed electronically through the appellate CM/ECF system with the Clerk of Court. I further certify that all parties required to be served have been served.

/s/ *Joshua A. Block*
Joshua A. Block

*Counsel for Plaintiffs-Appellees*