# Morgan Lewis

**Stephanie Schuster**
Partner
+1.202.373.6595
stephanie.schuster@morganlewis.com

August 29, 2023

Ms. Deborah S. Hunt
Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

Re:   <u>Doe v. Thornbury</u>, No. 23-5609

Dear Ms. Hunt:

Appellees submit this response to Appellant's letter concerning the Eleventh Circuit's decision in *Eknes-Tucker v. Marshall*, 2023 WL 5344981, in which the Eleventh Circuit held that a substantially similar law in Alabama does not trigger heightened scrutiny. 2023 WL 5344981, at *16 (citing *L.W. v. Skrmetti*, 73 F.4th 408, 419 (6th Cir. 2023)).

Notably, just one day before the *Eknes-Tucker* decision, the Northern District of Georgia in *Koe v. Noggle*, 1:23-cv-2904, 2023 WL 5339281 (N.D. Ga. 2023) (Exhibit A), preliminarily enjoined Georgia's law prohibiting medical treatment for transgender adolescents. While *Eknes-Tucker* is precedential in the Eleventh Circuit, the *Koe* decision persuasively explains several flaws in the analysis employed by this Court's stay orders in this and the related appeal in *L.W. v. Skrmetti*, No. 23-5600.

The *Koe* court held that the plaintiffs were likely to succeed on the merits of their equal protection claim. Heightened scrutiny applied, the court reasoned, because Georgia's law classifies based on natal sex and gender nonconformity. *Id*. at 36-47. The *Koe* court was unpersuaded by reasoning similar to that adopted in *Eknes-Tucker*, and applied precedent to conclude that sex-based

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004            ☎ +1.202.739.3000
United States                    ℻ +1.202.739.3001

August 29, 2023
Page 2

classifications trigger heightened scrutiny even where the policy at issue applies to both sexes and does not "prefer one sex to the detriment of the other." Ex. A at *16. The *Koe* court also properly rejected the comparison, drawn in *Eknes-Tucker* and this Court's stay orders, between laws prohibiting medical care for gender dysphoria and laws regulating abortion and pregnancy. *See Eknes-Tucker*, at *17 (citing *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2245–46 (2022)).

After an evidentiary hearing, the court concluded that Georgia's proffered reasons for enacting the law were not substantially related to an important government interest, Ex. A at *47–67, and determined that Georgia's experts—two of the experts that Kentucky retained here—were "unreliable," *id*. at 53 n.26, 57 n.28, 61 n.34.

Respectfully submitted,

s/ Stephanie Schuster
Stephanie Schuster


 cc: counsel of record